**STEWART TITLE GUARANTY COMPANY, Plaintiff–Appellant,**

v.

**The CADLE COMPANY, Defendant–Appellee.**

No. 95–2404.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1996.

Decided Feb. 1, 1996.

Michael A. Pollard, William M. Sneed, Thomas A. Doyle (argued), Baker & McKenzie, Chicago, IL, for Plaintiff–Appellant.

F. Dean Armstrong (argued), Flossmoor, IL, for Defendant–Appellee.

Before CUMMINGS, FLAUM and DIANE P. WOOD, Circuit Judges.

PER CURIAM.

Stewart Title Guaranty Company ("Stewart") appeals from the district court's order dismissing its declaratory judgment action and denying its motion to enjoin parallel proceedings in the Northern District of Ohio. For procedural reasons, we reverse and remand the case for a new decision on the merits.

In 1985, Stewart issued a mortgagee title insurance policy insuring the first lien and priority on certain property at 222 N. Michigan Avenue, Chicago, Illinois. The property secured a $7,100,000.00 loan originally made by Lyons Savings and Loan Association, an

Illinois lender, and subsequently purchased on March 3, 1994 by The Cadle Company ("Cadle"), an Ohio Corporation. One year later, on March 31, 1995, an Illinois appellate court (affirming a lower court decision) found that a mortgage held by Firstmark Standard Life Insurance Company ("Firstmark") had priority over the mortgage now held by Cadle.

Thereafter, on May 1, 1995, Stewart filed the instant declaratory judgment action in the Northern District of Illinois. Stewart requested a declaration that Cadle was neither an insured nor an assignee under the policy or, alternatively, that Stewart's liability was limited to the value of the property on the date of foreclosure by Firstmark. Eleven days later, Cadle filed a breach of insurance contract action based on the same policy in the Northern District of Ohio. Cadle claims that it would have filed suit earlier, and won the "race to the courthouse," absent Stewart's representations that suit would be premature given the pending Illinois appellate court proceedings.

In response to Cadle's suit, Stewart moved the court below to enjoin Cadle's later-filed, duplicative action in Ohio. The motion was properly served and noticed for presentment on June 6, 1995. At the hearing on June 6, Cadle's counsel tendered to Stewart's counsel Cadle's motion to dismiss the Northern District of Illinois action, as well as a thirty-two page brief in support of Cadle's motion to dismiss and in response to Stewart's motion to enjoin. Stewart's counsel claims he had not previously seen either of the documents presented to him that morning. Cadle's counsel maintains that the motion and brief were to be delivered to Stewart's counsel by messenger late the preceding afternoon, although there is no evidence that Stewart's counsel actually received the brief at that time. Both parties agree that the motion to dismiss was not noticed for hearing that morning.

The court began the hearing by considering the pending motion to enjoin, and when the motion to dismiss was raised, the court acknowledged that it had not seen or read either of Cadle's documents. The court was not even sure if it had a copy of Cadle's motion and brief. Nevertheless, in a sudden and unexpected turn of events, the district court dismissed Stewart's action based on the proceedings in Ohio and denied Stewart's motion to enjoin the parallel proceedings. The court announced these rulings after hearing an abbreviated argument by Cadle that the instant suit was an improper, preemptive, declaratory judgment action. The court, however, heard no argument from Stewart. It is apparent from the transcript that Stewart's efforts to respond to Cadle's argument, both orally and in writing, were decisively cut short. Despite his requests, Stewart's counsel was not afforded a meaningful chance to rebut Cadle's contentions, nor was he allowed to present Stewart's account of the facts or the law. Stewart appeals this decision, both on procedural grounds and on the merits.

■ We find that Stewart was denied notice and an opportunity to be heard before its action was dismissed. Consequently, we do not reach the merits of the parties' arguments concerning the propriety of Stewart's original declaratory judgment action. It is unclear from the record whether the district court's dismissal was a grant of Cadle's surprise motion or whether (given that the court was unaware of the motion until that morning and apparently had not reviewed Cadle's brief prior to its ruling) the dismissal was *sua sponte*. In either event, error occurred requiring remand.

■ If the district court dismissed Stewart's action *sua sponte*, it was required to give Stewart notice of its intent to do so and an opportunity to respond. *Ricketts v. Midwest Nat'l. Bank*, 874 F.2d 1177, 1185 (7th Cir.1989). We have found that *sua sponte* dismissals without such procedures conflict with our traditional adversarial system principles by depriving the losing party of the opportunity to present arguments against dismissal and by tending to transform the district court into "a proponent rather than an independent entity." *Id.* at 1184; *Horn v. City of Chicago*, 860 F.2d 700, 703 n. 6 (7th Cir.1988). In addition, such dismissals often create avoidable appeals and remands, draining judicial resources and defeating the very purpose for which *sua sponte* actions are

employed. *Ricketts,* 874 F.2d at 1184; *Horn,* 860 F.2d at 703 n. 6; *Sawyer v. United States,* 831 F.2d 755, 759 (7th Cir.1987) (finding error where summary judgment granted *sua sponte* without notice and opportunity to respond); *Doe on Behalf of Doe v. St. Joseph's Hospital,* 788 F.2d 411, 415 (7th Cir. 1986). In the instant case, Stewart was not informed prior to the hearing that the court was considering dismissal of its case, and upon receiving the news Stewart was not given a sufficient opportunity to respond orally or in writing. We have cautioned against such surprise dispositive action by courts in the past and must do so in this case as well.

The district court was also in error if it dismissed Stewart's action based on Cadle's motion to dismiss, as Cadle violated both federal and local rules of procedure in its service of the motion. Federal Rule of Civil Procedure 5(a) requires that "every written motion ... shall be served upon each of the parties." The Northern District of Illinois requires personal service "at or before 4 o'clock p.m. of the second business day preceding the date of presentment." Local Rule 12(E).[1] These rules are informed by the same considerations underlying the notice and opportunity to be heard requirements that militate against *sua sponte* dismissals, i.e., the fundamental structure of our adversary system and basic principles of fairness and process. Stewart claims it did not see or receive the motion until the morning of the hearing, while Cadle's counsel contends the motion was delivered to Stewart by messenger late on June 5th. In either event, Cadle failed to meet the requirements of proper service—Cadle conceded this point at oral argument. Stewart was thus deprived of adequate notice of a dispositive motion.[2] In addition, the turn of events at the hearing denied Stewart any meaningful opportunity to respond to Cadle's motion.

Cadle contends that the notice and hearing deficiencies are "harmless error" given the court below was correct in using its discretion to dismiss Stewart's suit as an improper declaratory judgment. However, we cannot be as confident as Cadle on this point, since the record before us does not fully develop or determine the factual circumstances surrounding the commencement of the parallel actions. This is especially true because Stewart was not given the opportunity to present its side of the story. District courts are better suited to make the particular factual findings necessary to determine the propriety of a declaratory judgment action, and because of this they have specifically been vested with the discretion to make such judgments. *Wilton v. Seven Falls Co.,* — U.S. —, —, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214 (1995) ("[F]acts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [a district court's] grasp."). We therefore find that the district court is the more appropriate forum to resolve this matter on the merits.

Hence we REVERSE and REMAND this case with instructions that the motion to dismiss and motion to enjoin be considered in accordance with this opinion. Circuit rule 36 shall apply on remand.

---

1. The federal rules of civil procedure actually require written motions to be served 5 days in advance of a hearing. Fed.R.Civ.P. 6(d). However, the Northern District of Illinois has chosen to fix a two day period of notice, as the federal rule allows it to do. Fed.R.Civ.P. 6(d) (written motions shall be served 5 days prior to a hearing, "unless a different period is fixed by these rules or by order of the court.")

2. Stewart also argues that we should treat Cadle's motion to dismiss as one for summary judgment, since affidavits and other documents outside the pleadings were attached. Fed.R.Civ.P. 12(b). It thus contends that, under the rules of federal civil procedure, the court was required to afford it adequate notice of the conversion and provide "all parties ... reasonable opportunity to present all material made pertinent" to a Rule 56 motion. *Id.; Sawyer v. United States,* 831 F.2d 755, 759 (7th Cir.1987). These steps were not taken. It is unclear, however, whether the outside evidence was part of Cadle's motion to dismiss or Cadle's response to the noticed motion to enjoin. In addition, it is not apparent whether the court even considered such outside evidence in making its ruling. In any event, because the motion, whatever its nature, was not properly served or noticed, there is error.