129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Karl ROBERTS, Plaintiff-Appellant,
v.
Howard A. PETERS, III, et al.,[1]
Defendants-Appellees.
 No. 96-3680.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 16, 1997.*
Decided Oct. 16, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 95-CV-253; J. Phil Gilbert, Chief Judge.
 Before COFFEY, EASTERBROOK, KANNE, Circuit Judges.
 
 ORDER
 
 1
 Karl Roberts appeals the district court's dismissal of his action for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Roberts, a prisoner at the Menard Correctional Center in Illinois, alleges that his Eighth Amendment rights were violated because he was denied access to medical care for his skin rash and "hygienic showers" during the summer of 1993. 42 U.S.C. § 1983. He sought declaratory, injunctive and monetary relief. We affirm.
 
 
 2
 About July 18, 1993, Menard was placed on lockdown status due to heavy flooding in the area around Menard. All water to the prison was turned off because of water contamination. On July 23, a memorandum from the warden to the inmates advised that the showers in each cell house would be turned back on. However, the memorandum warned inmates with open cuts, sores, or rashes (such as Roberts) not to bathe in the water, and further warned that the water was not safe to drink. On July 29, Roberts put in a sick-call request slip asking to brought to the Health Care Unit to bathe, because he was unable to bathe in the unhygienic water available in the cell house. The following day, a medical technician visited Roberts, told him that the Health Care Unit shower used the same water as the cell houses, and gave him some ointment. Roberts again submitted a sick-call request slip on August 19, 1993. Roberts was seen in the Health Care Unit by a technician who gave him some fungus cream" to put on his injuries. Roberts decided not to apply the cream, as he had still not had an opportunity to clean his rash with clean water. Roberts was also put on the "call-line' to see the doctor, but was not seen by a doctor until September 11, 1993.
 
 
 3
 Roberts sued under 42 U.S.C. § 1983, alleging Eighth Amendment violations. The district judge granted the defendants' motion to dismiss, adopting the magistrate judge's report and recommendation. The dismissal was based on the court's holding that Roberts's skin rash was not a serious medical condition, and that prison officials had provided acceptable medical care to Roberts. The court also noted that Roberts had failed to allege any causal link between the alleged lack of medical care and either Peters or Welborn, precluding them from being liable under 42 U.S.C. § 1983.[2] Finally, the court held that the facts alleged in Roberts's complaint did not support a claim that his conditions of confinement (specifically, the lack of hygienic showers in the post-flood period) violated the Eighth Amendment. Roberts's appeal addresses all of these arguments.
 
 
 4
 Roberts first claims that his Eighth Amendment rights were violated by the failure of prison officials to bring him before a doctor for treatment of his rash until September 11, 1993. Whether a skin rash such as Roberts's is the type of serious medical condition necessary to support an Eighth Amendment violation is debatable. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir.1997). Roberts alleges that the rash caused him "discomfort and irritation," and that it spread from his arm to other parts of his body, including his groin. In an affidavit submitted with his objections to the magistrate judge's report and recommendation, Roberts added that "the rash on my body ... got so bad that my scratching caused me to bleed and scars to mark my body." We need not decide whether Roberts's rash was objectively "serious,' however, as it is clear that Roberts failed to allege that the defendants acted with the necessary deliberate indifference. Farmer, 511 U.S. at 834. Rather, Roberts alleges (and the exhibits to his complaint show) that he was treated by medical personnel at least four times for his rash: in June, when he saw Dr. Kahn; on July 30, when he was visited by a medical technician who provided him with ointment; on August 19, when he was seen in the Health Care Unit by a technician who gave him fungus cream"; and on September 11, by Dr. Kahn again. These allegations show that Roberts was not denied timely access to medical care. Every time he requested medical treatment, he received it. Roberts complains that he wanted to be seen by a doctor, not mere medical technicians, but he does not allege that being seen by technicians caused him any harm. Indeed, the complaint suggests that Roberts may have worsened his own condition by refusing to use the creams and ointments provided to him. Nothing in these allegations supports Roberts's claim that he received inadequate medical care, much less that the defendants were deliberately indifferent to his medical needs. See Wells v. Franzen, 777 F.2d 1258, 1264 (7th Cir.1985) (treatment of a prisoner's medical condition "generally defeats a claim of deliberate indifference"). Thus, Roberts has not pleaded an Eighth Amendment violation.
 
 
 5
 A brief perusal of the First Amended Complaint demonstrates that Judge Gilbert was also correct in finding that Roberts does not adequately plead any participation by defendants Peters or Welborn in his alleged deprivation of medical care. See Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996) (to be personally liable under § 1983, a supervising prison official must have known about the conduct and facilitated, approved, or turned a blind eye to it).
 
 
 6
 Finally, the district court properly adopted the magistrate judge's report and recommendation that Roberts's conditions-of-confinement claim be dismissed. Roberts alleges general unsanitary conditions at the prison during the 1993 flood, including the unavailability of hygienic showers. However, Roberts's own allegations and exhibits to the complaint, showing that the flood created unique sanitation problems to which prison officials responded promptly, defeat any claim that prison officials demonstrated deliberate indifference in reinstating hygienic showers. For all of these reasons, the district court properly dismissed the case, and the judgment is
 
 AFFIRMED.[3]
 
 
 [1]
 Roberts sued Howard A. Peters III, the Director of the Illinois Department of Corrections ("IDOC"), George C. Welborn, the Warden of Menard, and Sharon Draves, whom he described as the Administrator for the Menard Health Care Unit. During the pendency of this suit, Odie Washington replaced Peters as the Director of IDOC, and Thomas F. Page replaced Welborn as Menard's warden. Also, Sharon Draves is actually the supervisor of nurses for Menard, not the Health Care Unit administrator. Appellee's Brief at 6 n. 1. Because Roberts sued all of the defendants in their official capacities as well as individually, the caption of this case is amended to show that Peters and Welborn are sued only as individuals, and that Washington and Page are substituted as official-capacity defendants. Fed. R.App. P. 43(c)(1)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 The district judge treated Peters and Welborn separately in making this finding. He dismissed Peters almost immediately from the case, finding sua sponte that Roberts could not allege any causal link. Order of May 16, 1995 (dismissing Peters without prejudice); see also Order of July 13, 1995 (allowing Roberts to file his First Amended Complaint but denying motion for leave to reinstate Peters). Welborn was not dismissed until the district judge granted the defendants' motion to dismiss on February 22, 1996. Perhaps as a result, the judgment order dismisses the action against Welborn and Draves with prejudice, but dismisses Peters without prejudice. Although this judgment technically is not final as to Peters, our court has jurisdiction over all the defendants on this appeal. When "[t]he entry of the existing judgment was the last thing the district judge planned to do," as it was here, "we have jurisdiction." Hickey v. Duffy, 827 P.2d 234, 238 (7th Cir.1987); see also Otis v. City of Chicago, 29 F.3d 1159, 1165-66 (7th Cir.1994)
 
 
 [3]
 The district court dismissed this case for failure to state a claim and the appeal is frivolous, resulting in two "strikes" for purposes of 28 U.S.C. § 1915(g). Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir.1997); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir.1996)