139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony J. HOOD, Plaintiff-Appellant,
v.
Tommy G. THOMPSON, Ron Ames, Donald W. Gudmanson, et al.,
[1] Defendants-Appellees.
 No. 96-1546.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 10, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96 C 86 Thomas J. Curran, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Anthony J. Hood, an inmate at the Oshkosh Correctional Institution in Wisconsin, filed an action under 42 U.S.C. § 1983 along with a petition to proceed in forma pauperis (IFP). In considering the IFP petition, the district court determined that Hood's Eighth Amendment claim was frivolous under the standards of former 28 U.S.C. § 1915(d),[2] and thus denied the IFP petition and dismissed the complaint. Hood appeals, and we affirm.
 
 
 2
 Hood alleges that the defendants violated his Eighth Amendment rights in two ways: by failing to correct a known gas leak in the prison laundry facilities where he was working, thus causing him to be overcome by gas and lose consciousness; and by failing to provide him with proper medical attention after he lost consciousness. Unfortunately for Hood, the very wealth of factual detail that he includes about his claims (in the form of evidentiary exhibits to his complaint) dooms those claims. See Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir.1997) (inmate's detailed factual allegations fatally undermined his claims). In order to state an Eighth Amendment claim, Hood must allege that the defendants acted with deliberate indifference to a known risk of harm to him. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The documents submitted by Hood show that prison officials not only were aware of gas leaks in the dryer area, but also that they were taking reasonable steps to remedy those leaks, including scheduling ongoing work by maintenance staff. In light of the continuing efforts by prison officials to correct the ventilation problems reported in the dryer area, Hood cannot demonstrate that the defendants ignored a known risk to his health.[3]
 
 
 3
 Hood's second claim, that he was denied proper medical attention, also is fatally undermined by his own allegations. Hood acknowledges that he was seen by a nurse for his loss of consciousness the next day. Although Hood complains that he was not permitted to go to the hospital and that the nurse treated him for heat exhaustion rather than investigating his claims of gas inhalation, he has not alleged that this treatment was medically deficient or that it caused him any physical harm. As Hood received relatively prompt treatment that appears to have been medically adequate, he has no Eighth Amendment claim for the denial of medical care. See Gutierrez, 111 F.3d at 1374-75 (7th Cir.1997).
 
 
 4
 Neither of Hood's claims holds water. Because both the initial claim and this appeal from the district court's dismissal of it are frivolous, Hood has accumulated two "strikes" for purposes of 28 U .S.C. § 1915(g). Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir.1997); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir.1996). The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Hood named the following defendants: Wisconsin Governor Tommy G. Thompson, Ron Ames, Donald W. Gudmanson, Steve Kronzer, Chris Faulhaber, Don England, Cynthia Thorpe, Sandy Summerville, and John Doe
 
 
 *
 This court granted the appellee's motion for an order of non-involvement on appeal due to a lack of service in the district court and ordered the appeal submitted without the filing of a brief by appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the brief and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 Hood's complaint and appeal were filed before the effective date of the Prison Litigation Reform Act of 1996, so we apply the former version of 28 U.S.C. § 1915(d) to this case. Former § 1915(d) was subsequently redesignated § 1915(e). Under the former statute, we look to see whether the complaint was "frivolous or malicious." See Walker v. Taylorville Correctional Ctr., 129 F.3d 410, 412 (7th Cir.1997)
 
 
 [3]
 Some of the documents submitted by Hood suggest that in light of the symptoms Hood experienced he may have been suffering from carbon monoxide poisoning rather than the effects of a natural gas leak at the time he lost consciousness. Hood has made no allegations to the effect that prison officials deliberately ignored a known risk of carbon monoxide poisoning, however