142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ellis M. HENDERSON, Plaintiff-Appellant,
v.
Aurelia PUCINSKI, Clerk of the Circuit Court of Cook County,
Illinois, Defendant-Appellee.
 No. 96-2057.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 3, 1998.*
Decided March 11, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 95 C 6761. Harry D. Leinenweber, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Prisoner Ellis Henderson filed a request in the district court to proceed in forma pauperis in this action under 42 U.S.C. § 1983 for denial of access to the courts, in which he contends that the failure of Aurelia Pucinski, the Clerk of the Cook County Circuit Court, to timely provide him with requested records doomed his appeal of his state law forfeiture case. The district court carefully reviewed the complaint and the attached exhibits, and found that Henderson had pleaded himself out of court: the complaint itself undermined his claim that delay by Pucinski caused the dismissal of Henderson's appeal, while the exhibits to the complaint indicated that Henderson himself was responsible for the dismissal. The district court therefore found that Henderson's claim was frivolous and dismissed the case under 28 U.S.C. § 1915(d). Henderson appeals, and we affirm.
 
 
 2
 Henderson raises two arguments on appeal, objecting to both the procedure and the substance of the § 1915(d) dismissal. First, Henderson argues that the district court improperly dismissed his case with prejudice, which it ought not to have done under § 1915(d). Dismissals under § 1915(d) are to be without prejudice to the plaintiff's right to elect to proceed with the case by paying the filing fee. See Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 787 (7th Cir.1995). The dismissal of Henderson's action complies with this rule. The Memorandum Opinion and Order entered by the district judge clearly stated that the dismissal was without prejudice, and that Henderson could proceed further in the event that he chose to pay the filing fee. The clerk's office entered a Rule 58 final order of judgment on the same day simply dismissing the case, without specifying whether the dismissal was with or without prejudice. Henderson has not claimed that he was confused by the clerk's failure to state that the dismissal was without prejudice. Even if he was, however, any error created by the district court clerk's procedures was harmless because Henderson's suit was frivolous on the merits. Id.
 
 
 3
 Henderson's substantive claim, his second argument on appeal, fares no better than the first because Henderson's own complaint undermines the validity of his claim. Although Henderson alleges that Pucinski's delay in sending the trial record to him denied him access to the courts (specifically, the ability to prosecute his appeal), his complaint states that he has never seen the appellate court order dismissing his appeal. As his complaint says, "To this date Plaintiff still do[es] not know what the Mandate consist[s] of." Henderson thus has no idea why the appellate court dismissed his appeal. His claim that Pucinski's acts or omissions were the cause of any injury he suffered are no more than speculation, lacking a good faith basis in fact.
 
 
 4
 In fact, the records Henderson requested from Pucinski appear unnecessary to prosecute his appeal. The dismissal was caused by Henderson's own misunderstanding of appellate procedure. On February 23, 1995, the state appellate court issued an order interpreting Henderson's "late notice of appeal" as a motion for leave to file a late notice of appeal,[1] and denying that motion. The denial was without prejudice, and the court directed Henderson to provide the date of decision and disposition in the trial court in order to proceed with the appeal. See Ill.Sup.Ct.R. 303(b)(2) (the notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court").
 
 
 5
 Henderson apparently interpreted the February 1995 order as requiring him to submit certain documents to the appellate court, and therefore wrote Pucinski to request his record. This step was unnecessary in order to comply with the order, however. The appellate court's order sought only information (the date and outcome of the judgment appealed from), not the submission of specific documents. Even if he did not have this information or was confused about exactly what the appellate court was seeking, it was Henderson's obligation to clarify the court's requests and satisfy them. If he could not obtain the information (or documents) in the time allotted, Illinois Supreme Court Rule 303(d) permitted him to request more time to comply.
 
 
 6
 Under these circumstances, the district court did not abuse its discretion in concluding that Henderson's claim was frivolous and dismissing it. The judgment of the district court is AFFIRMED.[2]
 
 
 
 *
 This court granted the appellee's motion for an order of non-involvement on appeal due to a lack of service in the district court and ordered the appeal submitted without the filing of a brief by appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the brief and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In his brief before this court, Henderson argues that his notice of appeal to the Illinois appellate court was not really late (although he titled it as a "late notice of appeal"), and thus the state court should not have refused to file it. This court has no jurisdiction to review alleged errors committed by state courts in civil cases. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)
 
 
 [2]
 Because both the initial claim and this appeal from the district court's dismissal of it are frivolous, Henderson has accumulated two "strikes" for purposes of 28 U.S.C. § 1915(g). Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir.1997); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir.1996)