142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Giacomo J. CANTELLA, Petitioner-Appellant,
v.
J.J. CLARK, Warden, United States Penitentiary, Terre Haute,
Department of Justice of the United States of
America, Bureau of Prisons, and the
United States of America,
Respondents-Appellees.
 No. 97-3354.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted February 27, 1998.*
Decided March 27, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. No. TH 97-201-C-M/F. Larry J. McKinney, Judge.
 Before JOEL M. FLAUM, MICHAEL S. KANNE, TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Giacomo Cantella, who is incarcerated at the United States Penitentiary in Terre Haute, Indiana, brought this suit alleging that the defendants violated his Eighth Amendment right to adequate medical care by denying him lithotripsy, a particular procedure used to treat kidney stones. The prison authorities had authorized surgery at the United States Federal Medical Center at Springfield, Missouri to treat the kidney stones, but Mr. Cantella refused this treatment based on his previous negative experience at the facility and because he believes that lithotripsy is less invasive and presents less of a health risk to him than surgery. The district court determined that his claim failed to warrant the relief sought and dismissed the complaint sua sponte. The district court then denied Mr. Cantella's motion to alter or amend judgment. Mr. Cantella appeals the denial of his motion and the dismissal of his complaint. We affirm.
 
 
 2
 Mr. Cantella's complaint sought injunctive relief to compel the defendants to provide lithotripsy, the procedure that was recommended by non-prison urologists who examined him. The complaint alleged that the situation was an emergency and that he would be irreparably damaged unless the court granted immediate relief. The district court determined that Mr. Cantella was not entitled to the relief he requested and entered judgment seven days after the complaint was filed and served and prior to the defendants' appearance or answer. Determining that the complaint sought mandamus relief, the court ruled that it did not have jurisdiction over the complaint because it failed to establish a clear right to such relief or a plain duty on the part of the defendants to provide the specific medical treatment sought.
 
 
 3
 Mr. Cantella filed a motion to alter or amend judgment and for reconsideration of judgment within ten days from the entry of judgment, which the district court properly construed as a motion pursuant to Federal Rule of Civil Procedure 59(e). Britton v. Swift Trans. Co., Inc. 127 F.3d 616, 618 (7th Cir.1997). In the motion, Mr. Cantella argued that he had a constitutional right to lithotripsy because surgery presented a greater health risk to him, and he presented a doctor's letter to that effect. The district court rejected the letter on the grounds that Mr. Cantella failed to show that the letter was unavailable prior to the entry of judgment. The court also held that there was no manifest error of law or fact in the complaint's dismissal. Rather, the court found that "[t]he wisdom, convenience, economy and other such qualitative characteristics of the treatment offered to the plaintiff for his condition are simply outside the scope of what the Eighth Amendment requires, and hence beyond what this court could adjudicate favorably to the plaintiff."
 
 
 4
 We review the district court's denial of Mr. Cantella's Rule 59(e) motion to alter or amend a judgment for an abuse of discretion. Id. Because an appeal from the denial of a Rule 59(e) motion is sufficient to bring the underlying judgment before the appellate court, we also review the district court's sua sponte dismissal of the complaint. Kunik v. Racine County, Wisconsin, 106 F.3d 168, 173 (7th Cir.1997) (citation omitted) We will affirm a complaint's dismissal if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir .1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Accepting as true the facts alleged in the complaint and drawing all reasonable inferences from them in Mr Cantella's favor, we conclude that the complaint sought mandatory injunctive relief, as well as mandamus relief, which is an extraordinary remedy. See Banks v. Secretary of Indiana Family and Social Services Admin., 997 F.2d 231, 244 (7th Cir.1993). We examine on review whether the district court abused its discretion in holding that Mr. Cantella's complaint failed to state a violation of the Eighth Amendment entitling him to injunctive or mandamus relief.
 
 
 5
 Mr. Cantella argues that the district court entered judgment without closely examining the facts of the case, and that it abdicated its judicial role and became an advocate for the defendants by dismissing his case sua sponte, rather than waiting for the defendants to respond to his complaint. However, a district court is permitted to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) sua sponte and is not required to await the defendants' answer before dismissing the case, "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading." Ledford, 105 F.3d at 356.
 
 
 6
 The validity of Mr. Cantella's claim must be judged by reference to the constitutional standard which governs the specific constitutional right which was allegedly violated. Id. In order to state claim for a violation of the Eighth Amendment, a prisoner must allege that the alleged deprivation is "sufficiently serious" (the objective component) and that the defendant had a "sufficiently culpable state of mind" (the subjective component). Vance v. Peters, 97 F.3d 987, 991 (7th Cir.1996), cert. denied, 520 U.S. 1230, 117 S.Ct. 1822, 137 L.Ed.2d 1030 (1997) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). As stated in Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), "the appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.' " Such deliberate indifference is present only if the defendant "knows of and disregards an excessive risk to inmate health and safety." Farmer, 511 U.S. at 837.
 
 
 7
 Mr. Cantella's complaint fails to show that the defendants acted with deliberate indifference. Vance, 97 F.3d at 993. The record reveals that Mr. Cantella received regular medical care for his kidney stones, including examinations by non-prison urologists. See Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir.1997). The prison authorities arranged for Mr. Cantella to receive surgery to treat his condition but he refused the treatment. The prison medical staff determined that lithotripsy was not necessary and that surgery was a proper treatment of his kidney stones. The non-prison urologist who originally recommended lithotripsy concurred with this opinion. Despite Mr. Cantella's claims that he should have received lithotripsy for his kidney stones, he is not entitled to a specific treatment, or even the best care, only reasonable measures to meet a substantial risk of serious harm. Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). There is nothing in the record submitted with the complaint to suggest that the treatment Mr. Cantella was offered was not reasonable. Accordingly, Cantella failed to allege the deprivation of his Eight Amendment right. See Murphy v. Lane, 833 F.2d 106, 108 (7th Cir.1987) (upholding the district court's sua sponte dismissal of the plaintiff's Eighth Amendment claim).
 
 
 8
 The district court should have notified Mr Cantella of its intent to dismiss his action and provided him an opportunity to respond, but the error was harmless. Stewart Title Guaranty Co. v. Cadle Co. ., 74 F.3d 835, 836 (7th Cir.1996), English v. Cowell, 10 F.3d 434, 437 (7th Cir.1993). This court has held that sua sponte dismissals without these procedural safeguards conflict with the principles of our adversarial system "by depriving the losing party of the opportunity to present arguments against dismissal and by tending to transform the district court into 'a proponent rather than an independent entity.' " Stewart, 74 F.3d at 836 (citing Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1184 (7th Cir.1989)). However, "[t]he harmless error doctrine saves premature rulings when the district court is found to have entertained the nonmovants' arguments on a prior or subsequent motion, such as a motion to reconsider or for relief from judgment." English, 10 F.3d at 438. Mr. Cantella was permitted to present his arguments against the dismissal of his action in his motion to alter or amend judgment. Because the complaint failed to state a claim on which relief can be granted, the district court did not abuse its discretion in denying the motion. See Shockley v. Jones, 823 F.2d 1068, 1073 (7th Cir.1987) (holding that the dismissal of a complaint without notice or hearing was improper but affirming the dismissal because the complaint failed to state an Eighth Amendment claim and a remand would have been futile).
 
 
 9
 We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)