> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019[*]
Decided January 15, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2682

| | |
|---|---|
| IRMA ROSAS, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
|     *v.* | |
| | No. 18 C 2706 |
| ROMAN CATHOLIC ARCHDIOCESE | |
| OF CHICAGO, | Charles R. Norgle, |
|     *Defendant-Appellee*. | *Judge*. |

### O R D E R

Irma Rosas alleges that, in denying her access to a private cemetery to build an altar, the Roman Catholic Archdiocese of Chicago violated Title VI of the Civil Rights Act, 42 U.S.C. §§ 2000d to 2000d–7. That law bars discrimination by entities receiving federal funds. The district court denied Rosas's request to proceed in forma pauperis and later, after she paid the filing fee, granted the Archdiocese's motion to dismiss, which argued that Rosas did not allege that the Archdiocese receives federal funds. We

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. CIV. P. 34(a)(2)(C).

affirm because Rosas's complaint does not state a violation of Title VI, so her contention that the denial of pauper status kept her from litigating a valid claim is meritless.

When Rosas sought to sue in forma pauperis, she filed a complaint swollen with disconnected allegations. In her complaint, which was over 250 pages long, Rosas accused more than 40 unrelated defendants of violating federal laws regarding firearms, housing, labor, education, food, and voting. The district court denied the application for pauper status, *see* 28 U.S.C. § 1915(a), determining that Rosas was not indigent. The court also reviewed the complaint's content and ruled that the "unwieldy" pleading violated Federal Rule of Civil Procedure 20, which limits complaints to related claims and defendants. The court dismissed it without prejudice, giving Rosas a chance to amend it after paying the $400 filing fee.

Rosas paid the entire fee, but her amendments did not survive scrutiny. Her first amended complaint asserted claims only on behalf of her mother. The judge dismissed this too, also without prejudice, and gave Rosas one last chance to amend. Rosas then filed her second amended complaint, which is the subject of this appeal. It alleges that Rosas visited a cemetery owned by the Archdiocese to build an altar at her father's grave. A groundskeeper told her to stop; she replied that she wanted to celebrate *El Día de los Muertos* (the Day of the Dead). The Archdiocese informed her that the holiday was not celebrated at the cemetery. Rosas contends that these actions violated Title VI because, in her view, the Archdiocese discriminated against her based on her race and national origin. The Archdiocese moved to dismiss the complaint for failure to allege that it receives federal funds. *See* FED. R. CIV. P. 12(b)(6). It notified Rosas by mail that its counsel "shall appear" before the district judge seven days later to present the motion to dismiss. Rosas did not appear at the hearing, and the district court granted the defendant's motion apparently because Rosas had not alleged that the Archdiocese received federal funding. After Rosas appealed to this court, the district court granted her request to proceed in forma pauperis on appeal.

On appeal Rosas first challenges the district court's decision denying her leave to file her suit with pauper status. But for two reasons, that ruling does not warrant relief on appeal. First, Rosas already paid the entire filing fee in the district court, as was her eventual obligation. Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed "without *prepayment* of fees," (emphasis added) but not without *ever* paying fees. *See Robbins v. Switzer*, 104 F.3d 895, 897–88 (7th Cir. 1997). Second, Rosas does not contend that the court's ruling that she prepay her fee harmed her ability to litigate. To

the contrary, Rosas's ability to litigate this case was not harmed because, as we explain below, the district court permissibly dismissed her complaint as legally insufficient.

Rosas maintains that the district court should not have dismissed her complaint. She gives two arguments. First, she contends that the district judge did not adhere to Federal Rule of Civil Procedure 6(c), which provides that a party moving to dismiss must notify the parties of the hearing at least 14 days before the hearing. True, the Archdiocese notified Rosas about its motion to dismiss just seven days before its hearing. But a district court may adopt local rules that alter the default deadlines of Rule 6, *see* FED. R. CIV. P. 83; *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 837 n.1 (7th Cir. 1996). The district court's local rules state that a motion served by mail must be presented to the court at least 7 days after mailing the notice to the parties. N.D. ILL. LOC. RS. 5.3(b), 78.1, 78.3. Because the Archdiocese followed the district court's permissible local rules, no error occurred.

Second, Rosas argues that the district court violated Federal Rule of Civil Procedure 15(a)(1)(B) because, after the Archdiocese moved to dismiss, the court did not grant her 21 days to file "as a matter of course" yet another amended complaint. But if, as Rosas contends, she was entitled to file an amended complaint "as a matter of course" within 21 days of the Archdiocese's motion, permission from the judge was unnecessary. *See Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) (under Rule 15(a)(1), "whether to allow" a party's timely amendment is "out of the court's hands entirely" because the party has a "right" to amend). Yet Rosas did not even attempt to submit a proposed pleading. Nor has she explained on appeal how she would cure the deficiency that the Archdiocese identified (no federal funding). Rosas also has not argued that, despite the absence of a federal-funding allegation, her complaint is legally sufficient under Title VI. Under these circumstances, the judge did not err by dismissing the complaint without inviting Rosas to amend her complaint a third time. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808–09 (7th Cir. 2015).

AFFIRMED