Filed 11/19/98 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1998 ND 200

City of Jamestown,          Plaintiff and Appellant

      v.                                                        

Travis Snellman, Defendant and Appellee

Criminal No. 980157

 

City of Jamestown, 

 Plaintiff and Appellant

v.

Lance Stuwe, Defendant and Appellee

Criminal No. 980158

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Randall L. Hoffman, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Charles J. Gilje, City Prosecutor, 208 2nd Avenue Southwest, P.O. Box 1727, Jamestown, ND 58402-1727, for plaintiff and appellant.

Donavin L. Grenz, 101 North Broadway, P.O. Box 637, Linton, ND 58552, for defendants and appellees.

City of Jamestown v. Snellman

City of Jamestown v. Stuwe

Criminal Nos. 980157-58

VandeWalle, Chief Justice.

[¶1] The City of Jamestown appealed from an order dismissing the criminal complaints against Lance Joseph Stuwe and Travis Lynn Snellman because the City was not ready to proceed.  For procedural reasons, we reverse and remand.

[¶2] Lance Stuwe and Travis Snellman were charged with violating Jamestown City Ordinance 5-6, prohibiting persons under 21 years of age from purchasing, consuming, or possessing alcoholic beverages.  The cases were transferred from municipal court to district court.  On February 18, 1998, Stuwe and Snellman filed motions to dismiss the charges, suppress evidence and compel discovery.  Along with the motions, Stuwe and Snellman’s counsel sent a letter to the City which stated, “As soon as the court sets a hearing date thereon, I will notify you of the same.”  On February 25, 1998, the district court issued an order setting the pretrial conference for April 3, 1998.  The order read:  

All 
pre-trial motions
 shall be served on opposing counsel and filed with the Court at least 
two (2) weeks
 prior to the pre-trial conference.  If an 
evidentiary hearing
 is necessary, it shall be held at the time of the pre-trial conference if possible.  If such 
evidentiary hearing
 is requested, counsel shall inform opposing counsel and the Court at least 
10 days prior
 to the pre-trial conference in order for witnesses to be available and the Court to determine if there is time for the evidentiary hearing during the time set for the pre-trial conference.  (Emphasis in original).

[¶3] The pretrial conference proceeded as scheduled.  The conference began with the district court considering Stuwe and Snellman’s motions to reduce bond.  However, when the district court proceeded to the remaining motions, a disagreement arose between the parties as to whether an evidentiary hearing was scheduled to take place at the pretrial conference.  The City informed the court it was not prepared for an evidentiary hearing because opposing counsel had not provided notice an evidentiary hearing would take place during the pretrial conference.  According to the City, the February 18 letter from Stuwe and Snellman’s counsel, sent along with the motions, stated defense counsel would inform the City when an evidentiary hearing date had been set.  Relying on this letter, the City believed the parties would only be setting a date for the evidentiary hearing at the pretrial conference.  However, Stuwe and Snellman contended the district court’s order, setting a date and time for the pretrial conference, constituted sufficient notice an evidentiary hearing would be held during the pretrial conference and Stuwe and Snellman were therefore prepared to proceed with a hearing. 

[¶4] The district judge began asking questions related to suppression of the evidence.  Again, the City asserted it was not prepared for an evidentiary hearing due to opposing counsel’s insufficient notice.  Following this, the judge explained his views on the issue of minors and alcohol.  At the conclusion of these remarks, he stated “Motion to dismiss granted in both cases.”   In response to the City’s inquiry for the grounds of the dismissal, the 

district judge responded, “State not ready to proceed.”  Confirming the oral dismissal, a written order was issued reading, “WHEREAS, the defense having moved to dismiss the action since the City was not ready to proceed.  The Court therefore granted the motion to dismiss.”  

[¶5] The right to appeal in criminal cases is governed by N.D.C.C. § 29-28-07.  Section 29-28-07(1), N.D.C.C., authorizes an appeal by the State from an order quashing an information or indictment.  This statutory provision includes appeals from orders of dismissal that have the same effect as orders quashing an information.  
See, e.g.,
 
State v. DuPaul
, 509 N.W.2d 266, 269 (N.D. 1993); 
State v. Howe
, 247 N.W.2d 647, 652 (N.D. 1976).  The district court’s order dismissing the cases is appealable. 

[¶6] When the district court dismissed the cases it was considering Stuwe and Snellman’s motions to suppress evidence.  In suppression cases, the defendant has the initial burden of establishing a prima facie case of illegal seizure before the burden of persuasion shifts to the prosecution to justify its actions.  
City of Fargo v. Sivertson
, 1997 ND 204, ¶ 6, 571 N.W.2d 137, 139; 
State v. Glaesman
, 545 N.W.2d 178, 182 n. 1 (N.D. 1996).  Therefore, at the time of dismissal, the burden was with Stuwe and Snellman.  

[¶7] The City argues the court erred when it ordered these cases be dismissed on the basis the City was not ready to proceed because a motion to dismiss on this ground was not before the district court.  We conclude the district court improperly dismissed the cases because the court failed to consider any alternative sanctions and also failed to provide the City with notice and an opportunity to be heard on the matter of sanctions before dismissing the cases.

[¶8] Although the district court’s order of dismissal states the cases were dismissed subject to a motion the City was not ready to proceed, our review of the record and transcript indicates there was no such motion before the court.  Consequently, the dismissal can best be characterized as an exercise of the district court’s inherent power to sanction for failure to comply with the court’s order setting the pretrial conference.   

[¶9] We have not found any criminal cases in North Dakota where a court has dismissed a case under similar circumstances.  We have, however, discussed similar issues in the context of civil cases.  
See, e.g.,
 
Bachmeier v. Wallwork Truck Ctrs.
, 507 N.W.2d 527 (N.D. 1993) (holding a trial court’s summary judgment order should be remanded to consider whether a less restrictive sanction might be appropriate);  
Vorachek v. Citizens State Bank of Lankin
, 421 N.W.2d 45 (N.D. 1988) (reversing a trial court’s choice of sanctions for discovery violations, including the striking of pleadings and entry of default judgment).  In these cases, we stated dismissal should not be used where alternative, less drastic, sanctions are available and equally effective.  
Bachmeier
, 507 N.W.2d at 533.  Moreover, because dismissal is the most stringent sanction, we emphasized dismissal should be tailored to the severity of the misconduct and used sparingly, only in extreme situations.  
Vorachek
, 421 N.W.2d at 50-51.  While we recognize trial courts have broad discretion in determining when sanctions are appropriate and what sanctions to impose, courts cannot dismiss cases without significant legal basis.   

[¶10] Furthermore, when a court dismisses an action sua sponte, it is still required to give the parties notice of its intent to do so and an opportunity to respond.  
See, e.g.
, 
Stewart Title Guar. Co. v. Cadle Co.
, 74 F.3d 835, 836 (7th Cir. 1996) (citing 
Ricketts v. Midwest Nat’l. Bank
, 874 F.2d 1177, 1185 (7th Cir. 1989);  
Cf.
 
Smith v. Boyd
, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding court’s failure to give prior notice and an opportunity to respond was not reversible error where it is patently obvious the litigant could not prevail based on the facts alleged in the complaint).      

[¶11] In the criminal context, Rule 48(b) of the North Dakota Rules of Criminal Procedure provides courts with the inherent power to dismiss cases for prosecutorial delay.  
See
 Explanatory Note, Rule 48, N.D.R.Crim.P.  In fact, a court’s power to dismiss under Rule 48(b) is more expansive than a defendant’s Sixth Amendment right to a speedy trial.  
See
 28B Moore’s Federal Practice § 648.03[3] at 648-18 (3d ed. 1997) (recognizing Rule 48(b) allows courts to dismiss cases for prosecutorial delay even though the delay does not amount to a constitutional violation).  Rule 48(b) provides:

If there is unnecessary delay in presenting the charge to a grand jury or in filing an information or complaint against a defendant who has been arrested or for whose arrest a warrant has been issued, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information, or complaint.  

But, like our civil dismissal cases, the district court can only dismiss under Rule 48(b) with caution and after a forewarning to prosecutors of the consequence of dismissal.  
See, e.g.,
  
United States v. Simmons
, 536 F.2d 827, 836 (9th Cir.), 
cert. denied
, 429 U.S. 854 U.S. (1976).  

[¶12] While the district court’s order of dismissal states the cases were dismissed on the basis the City was not ready to proceed, the order contains no mention of a violation of a specific rule or statute.  Public policy favors cases be disposed of on their merits.  
St. Aubbin v. Nelson
, 329 N.W.2d 874, 876 (N.D. 1983).  Dismissing cases, without notice and an opportunity to respond, conflicts with our traditional adversarial system’s principles.  
Stewart Title
, 74 F.3d at 836.  Specifically, it deprives the losing party, here the City, of the opportunity to present arguments against dismissal and tends to turn the court from an independent entity into a proponent.  
See
 
id.
  

[¶13] Furthermore, sua sponte dismissals often create avoidable appeals and remand, draining judicial resources and defeating the purposes for which these types of actions are employed.  
Id.
 at 836-37; 
see also
  
Oliva v. Sullivan
, 958 F.2d 272, 274 (9th Cir. 1992) (concluding the district court’s sua sponte dismissal should be reversed because the trial court failed to warn counsel dismissal was imminent and failed to consider alternative sanctions);  
United States v. Loud Hawk
, 628 F.2d 1139, 1150-51 (9th Cir. 1979), 
cert. denied
, 445 U.S. 917 (1980) (reversing the portion of an order dismissing charges because the trial court failed to forewarn the prosecutor dismissal would be with prejudice);  
State v. Lopez
, 658 P.2d 460, 462-63 (N.M. Ct. App. 1983), 
cert. denied
, 464 U.S. 831 (1983) (holding dismissal with prejudice was in error where the court failed to provide advance notice to the State).  

[¶14] We conclude the order dismissing the cases must be reversed for two reasons.  First, the record does not reveal the district court considered any sanctions less drastic than dismissal.  Second, and most importantly, the court failed to notify the City it was considering dismissal of the cases and did not allow the City an opportunity to respond before dismissing the cases.  Without any indication the court was considering dismissal as a sanction, the City was unable to ask the court for a continuance.  While we recognize the district court may have denied the City’s request for a continuance, the City should have been allowed to participate in an evidentiary hearing even without its witnesses.  We find nothing in the record or transcript indicating the City would not have proceeded with an evidentiary hearing when faced with the alternative of dismissal of the action.

[¶15]   For the reasons stated, the order dismissing the actions against Stuwe and Snellman is reversed and we remand for further proceedings consistent with this opinion.

[¶16] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

[¶17] The Honorable Carol Ronning Kapsner was not a member of the Court when this case was heard and did not participate in this decision.