2008 ND 170

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Brian Raymond FERRIE, Defendant and Appellee.**

**State of North Dakota, Plaintiff and Appellant,**

v.

**Liyandza Charles Williams, Defendant.**

**Nos. 20070370, 20070371.**

Supreme Court of North Dakota.

Sept. 23, 2008.

Carmell F. Mattison (argued) and Thomas H. Falck, Jr. (on brief), Assistant State's Attorneys, Grand Forks, N.D., for plaintiff and appellant.

John A. Thelen, Spaeth Thelen & Richards, Grand Forks, N.D., for defendant and appellee Brian Raymond Ferrie; submitted on brief.

Liyandza C. Williams, defendant; no appearance.

SANDSTROM, Justice.

[¶ 1] The State appeals from district court orders dismissing the cases against Brian Ferrie and Liyandza Williams. We conclude the district court erred in dismissing the cases under N.D.R.Crim.P. 48(b), and we vacate the court's orders.

## I

[¶ 2] On November 24, 2007, Ferrie was arrested for driving under the influence, possession of drug paraphernalia, and possession of a controlled substance. Ferrie posted bond and was given notice to appear in court on December 7, 2007. On December 2, 2007, Williams was arrested for criminal trespass. Williams posted bond and was given notice to appear in court on December 7, 2007.

[¶ 3] Ferrie and Williams appeared in court on December 7, 2007, and the court dismissed the cases for failure to prosecute because the State had not filed any charging documents in either case. The court subsequently entered orders dismissing the cases with prejudice, because "[t]he State failed to file the charging documents or take any action to prosecute the case."

[¶ 4] The district court generally has jurisdiction to hear criminal cases under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06(1), but in this case the issue is whether the court could dismiss a criminal action under N.D.R.Crim.P. 48(b) when a charging document has not been filed. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–07(1). *See City of Jamestown v. Snellman*, 1998 ND 200, ¶ 5, 586 N.W.2d 494 (holding the State may appeal orders of dismissal that have the same effect as orders quashing an information); *State v. Howe*, 247 N.W.2d 647, 652 (N.D.1976) (the dismissal of a case is appealable if the order has the same effect as an order quashing an information). The appeals were timely under N.D.R.App.P. 4(b)(1)(B).

## II

[¶ 5] The State argues the district court erred in dismissing the cases with prejudice because a dismissal with prejudice should be used only in extreme circumstances, the court did not give the State notice of its intent to dismiss and an opportunity to respond, and the delay in filing the information was not an unnecessary delay as N.D.R.Crim.P. 48 requires.

[¶ 6] We review a district court's decision to dismiss a criminal case with prejudice for an abuse of discretion. *State v. Tweeten*, 2004 ND 90, ¶ 7, 679 N.W.2d 287. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.*

[¶ 7] The district court must have a sufficient legal basis to dismiss a criminal charge. *See State v. Stuart*, 544 N.W.2d 158, 162 (N.D.1996). In this case, the court dismissed the cases under N.D.R.Crim.P. 48(b) because the State had failed to file any charging documents at the time of the initial appearance. Rule 48(b), N.D.R.Crim.P., gives the court the authority to dismiss a criminal case in certain circumstances:

> The court may dismiss an indictment, information or complaint if unnecessary delay occurs in:
>
> (1) presenting a charge to a grand jury;
>
> (2) filing an information or complaint against a defendant who has been arrested or for whose arrest a warrant has been issued; or
>
> (3) bringing a defendant to trial.

[¶ 8] When we interpret court rules, we apply the rules of statutory construction and look at the language of the rule first to determine the meaning. *Ols-*

*rud v. Bismarck–Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 12, 733 N.W.2d 256. Words are given their plain, ordinary, and commonly understood meaning. *Id.* Rules are construed as a whole, giving meaning to each word and phrase, if possible. *Id.*

▮ [¶ 9] Rule 48(b), N.D.R.Crim.P., is a codification of the court's power to dismiss a case for want of prosecution, and it acts as a vehicle for enforcing an individual's Sixth Amendment right to a speedy trial. N.D.R.Crim.P. 48, explanatory note. Rule 48, N.D.R.Crim.P., states, "[t]he court may dismiss an indictment, information or complaint … [,]" and gives the court authority to dismiss an information or complaint if the prosecution unnecessarily delays filing the information or complaint; however, it requires that an actual indictment, information, or complaint is filed before the rule can be applied. *Cf. People v. Fysekis*, 164 Misc.2d 627, 625 N.Y.S.2d 861, 865 (1995) (no basis to dismiss an action where there is no accusatory instrument before the court). The prosecution has discretion in deciding whether a criminal charge is proper and whether to initiate prosecution. *See* N.D.C.C. § 11–16–01; *Olsen v. Koppy*, 1999 ND 87, ¶ 18, 593 N.W.2d 762. The prosecution is initiated and a case is pending when a complaint, information, or indictment is filed. *See* N.D.R.Crim.P. 3(a) (a complaint is the initial charging document for all criminal offenses); N.D.R.Crim.P. 7(a) (all felony prosecutions must be by indictment or information, and all misdemeanor prosecutions must be by indictment, information, or complaint). Before the court can dismiss an indictment, information, or complaint under N.D.R.Crim.P. 48(b), a charging document must be filed initiating the prosecution. A court, of course, may release a person from custody even if no charging document has been filed. *See* N.D.C.C. § 29–06–25;

*Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

▮ [¶ 10] Given the plain language of the rule, we conclude N.D.R.Crim.P. 48(b) requires the court to have an information or complaint to dismiss, and only once an information or complaint is filed and the proceedings are initiated can the court dismiss the case if there has been an unnecessary delay in the filing of the information or complaint. Furthermore, the court can dismiss under N.D.R.Crim.P. 48(b) only "with caution and after a forewarning to prosecutors of the consequence of dismissal." *Snellman*, 1998 ND 200, ¶ 11, 586 N.W.2d 494. The court must give the parties notice of its intent to dismiss and an opportunity to respond. *Id.* at ¶¶ 12–14.

▮ [¶ 11] In this case, the district court records for William's and Ferrie's cases include a sign-in sheet for each defendant from the initial appearance and the court's orders of dismissal; however, an indictment, information, or complaint was not filed for either Williams or Ferrie. Rule 48(b), N.D.R.Crim.P., does not apply because the court did not have an indictment, information, or complaint to dismiss. Furthermore, the district court did not notify the State of its intent to dismiss for failure to file an information. We conclude the district court abused its discretion in ordering the matters be dismissed under N.D.R.Crim.P. 48(b).

[¶ 12] Instead of dismissing the cases, the district court could have discharged each defendant's bond and released the defendants because there were not any charges pending. After charging documents are filed, the court could give the State notice that it may dismiss the cases with prejudice because there was an unnecessary delay in filing the informations or complaints. We recognize this places a burden on a defendant because the defen-

dant must show up at the initial appearance, may be released if an information or complaint has not been filed, and may be left not knowing what will happen or whether he will be arrested when the charging documents are filed.

■ [¶ 13] District courts have broad discretion in deciding when sanctions are appropriate and what sanctions are appropriate, and the court should consider alternative sanctions before dismissing a case. *Snellman*, 1998 ND 200, ¶ 9, 586 N.W.2d 494. Alternative sanctions may be appropriate in cases such as this. Although we conclude the district court erred in dismissing these cases under N.D.R.Crim.P. 48(b), if the State follows a consistent, ongoing pattern of not having the charging documents filed before the initial appearance, a different result may be appropriate in the future. *See State v. Touche*, 549 N.W.2d 193, 195 (N.D.1996); *Madison v. North Dakota Dep't of Transp.*, 503 N.W.2d 243, 246–47 (N.D.1993) (a systemic disregard of the law, if it becomes commonplace, may warrant reversal if the conduct is potentially prejudicial to the accused).

## III

[¶ 14] We conclude the district court abused its discretion in dismissing the cases against Ferrie and Williams under N.D.R.Crim.P. 48(b), and we vacate the court's orders.

[¶ 15] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, J., concur.

KAPSNER, Justice, concurring in the result.

[¶ 16] I concur with the result reached by the majority, but disagree with the majority's analysis.

[¶ 17] The majority incorrectly asserts the prosecution is initiated and a case is pending when a complaint, information, or indictment is filed. Majority Opinion at ¶ 9. However, N.D.R.Crim.P. 5(a) provides after an officer or other person makes an arrest, he or she must take the arrested person before the nearest available magistrate. N.D.R.Crim.P. 5(a). In addition, "[i]f an arrest is made without a warrant, the magistrate must promptly determine whether probable cause exists under Rule 4(a). If probable cause exists to believe that the arrested person has committed a criminal offense, a complaint must be filed[.]" *Id.* Rule 5(a), N.D.R.Crim.P., establishes the authority of the district court may begin before a complaint is filed. *Id.*

[¶ 18] Contrary to the analysis of the majority, the plain language of N.D.R.Crim.P. 48(b) grants district courts the authority to dismiss criminal cases when unnecessary delay occurs. *State v. Moran*, 2006 ND 62, ¶ 8, 711 N.W.2d 915 (citing N.D.R.Crim.P. 48(b)). Rule 48 indicates it applies whenever unnecessary delay occurs; its application is not expressly contingent upon the filing of an indictment, information, or complaint. Rather, the plain language provides: "The court may dismiss an indictment, information or complaint if unnecessary delay occurs in ... filing an information or complaint against a defendant who has been arrested or for whose arrest a warrant has been issued[.]" N.D.R.Crim.P. 48(b). The comment reiterates the plain reading:

Subdivision (b) is a codification of the inherent power of the court to dismiss a case for want of prosecution. Subdivision (b) thus acts as a vehicle for enforcing the Sixth Amendment right to a speedy trial. The court can dismiss whenever there has been unnecessary delay without being required to decide whether the unnecessary delay was of

such a nature as to deprive the defendant of a constitutional right.

Subdivision (b) provides for dismissal of prosecution in the following situation[ ]: ... if a defendant has been arrested and there is unnecessary delay in presenting the charge against him to a grand jury or in filing an information or complaint against him[.]

N.D.R.Crim.P. 48(b), Explanatory Note.

[¶ 19] Further, the history of the Rule establishes it was intended to apply to post-arrest situations, regardless of whether a charging document has been filed. When the Joint Procedure Committee adopted Rule 48, section b provided: "If there is unnecessary delay ... in filing an information or complaint against a defendant who has been arrested or for whose arrest a warrant has been issued, ... the court may dismiss the prosecution." Minutes of the Joint Procedure Comm. 17 (Sept. 17, 1970).

[¶ 20] The Joint Procedure Committee discussed N.D.R.Crim.P. 48 at a meeting considering the adoption of the Rules of Criminal Procedure. *Minutes of the Joint Procedure Comm.* 10 (Sept. 17, 1970). The minutes support the application of Rule 48 to post-arrest situations. A review of the minutes indicates the Committee was concerned with delays occurring post-arrest. The Committee examined the comparable Federal Rule. Rule 48(b), F.R.Crim.P. stated:

If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

*Minutes of the Joint Procedure Comm.* 10 (Sept. 17, 1970) (quoting F.R.Crim.P. 48(b)). The Committee considered the meaning of the phrase "held to answer," then used in the Federal Rule, and concluded the phrase was too limiting. Regarding the phrase "held to answer," the Committee minutes provide:

Judge Smith then made a motion to amend 48(b) by deleting all the words in the last line after "the" and inserting the word "prosecution", so the amended subsection would read: "(b) By Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an information or complaint against a defendant who has been arrested or for whose arrest a warrant has been issued, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the prosecution." The motion was seconded by Mr. Shaft.

During the discussion that followed, the Committee was unable to agree whether "has been held to a answer to the court" means an action of the court or of an arresting officer. Mr. Vogel read from 8A Moore's Federal Practice 48–12, note 5:

"A defendant is held to answer or 'bound over' by a finding of probable cause by the commissioner, or by a waiver of preliminary examination. Rule 5(c). Rule 48(b) does not apply to delay in according a defendant a preliminary examination. The remedy for such delay would be habeas corpus, if detained, and a motion made to the commissioner to dismiss the complaint. See 5.04[3] *supra. Cf. Crow v. United States* (C.A.8th.1963) 323 F.2d 888, 891 (motion erroneously made to district court)."

Mr. Sand moved to amend Judge Smith's motion to amend by deleting the words "been held to answer to the court" and substituting "been arrested". Mr. Graham seconded Mr. Sand's motion.

Judge Smith brought up the matter of a warrant for arrest against somebody in prison in another state. If the rule is limited to "after arrest", he would not have a right to move for trial in this state and would not have right to speedy trial.

Mr. Sand withdrew the motion which Mr. Graham had seconded. Mr. Graham proposed a substitute motion to Judge Smith's earlier motion, to delete "held to answer to the district court" and insert the words "arrest or for whose arrest a warrant has been issued", and in the last line delete the words "indictment, information or complaint" and insert the word "prosecution". Judge Smith seconded the substitute motion.

Mr. Shaft suggested the rule was becoming completely contrary to the federal rule as construed by the court. His was the only vote in opposition to the substitute motion. In favor were Judge Muggli, Mr. Vogel, Judge Smith, Mr. Graham, and Mr. Sand.

*Minutes of the Joint Procedure Comm.* 15 (Sept. 17, 1970). The minutes suggest the Committee removed the language "held to answer" because the phrase was too limiting since speedy trial concerns may arise earlier than the indictment. The Committee reviewed the concurrence of Justice Harlan in *Dickey v. Florida,* 398 U.S. 30, 44–45, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (citations omitted):

> Does the speedy-trial guarantee apply to all delays between a defendant's arrest and his sentencing? The view that it does is not without support in the wording of the Sixth Amendment. The Constitution says that an "accused" is entitled to a speedy trial "(i)n all criminal prosecutions." Can it be that one becomes an "accused" only after he is indicted, or that the Sixth Amendment

subdivides "prosecution" into various stages, granting the right to speedy trial in some and withholding it in others? In related contexts involving other clauses of the Sixth Amendment, we have held that the "prosecution" of an "accused" can begin before his indictment; for example, in *Escobedo v. Illinois,* 378 U.S. 478, 490, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), we spoke of the time when "investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect." And as regards realization of the purposes of the Speedy Trial Clause, the possibility of harm to interests protected by the clause is certainly great whenever delay occurs after arrest.

The Committee's concern that N.D.R.Crim.P. 48(b) applies to the period post-arrest, but prior to the filing of a charging document, was validated in *United States v. Marion,* 404 U.S. 307, 319, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), in which the United States Supreme Court held F.R.Crim.P. 48(b) does not apply to prearrest situations. "The rule clearly is limited to post-arrest situations." *Id.*

[¶ 21] Considering when the right to a speedy trial attaches, the Committee discussed Moore's Federal Practice, which provided: "Rule 48(b) implements the defendant's constitutional right to a speedy trial, a right which the Supreme Court has termed 'one of the most basic rights preserved by our Constitution.' The speedy trial right attaches from the commencement of prosecution, whether by indictment or information, or complaint." *Minutes of the Joint Procedure Comm.* 14 (Sept. 17, 1970) (citing 8A James Wm. Moore et al., *Moore's Federal Practice* ¶ 48.03 (1st ed.1938)). The Committee also noted: "A criminal prosecution has many stages, and delay may occur during or between any of them[,] ... [including] be-

tween arrest and indictment[.]" *Id.* at 12. In addition, one court had held: "Conceivably in some circumstances the court, in assessing the nature of a delay before trial, might look to the aggregate time lapse from alleged act to trial date, but in the first instance each segment must be viewed separately[.]" *Hardy v. United States,* 343 F.2d 233, 234 (D.C.Cir.1964). The Committee cited *Mathies v. United States,* 374 F.2d 312, 314–15 (D.C.Cir. 1967), which provided: "Rule 48(b) obviously does not grant the Appellant less rights than the Sixth Amendment. Indeed, it places a stricter requirement of speed on the prosecution, and permits dismissal of an indictment even though there has been no constitutional violation."

[¶ 22] The section of Moore's Federal Practice cited by the Committee in its 1970 minutes has been updated, and now provides: "The speedy trial right attaches from the commencement of prosecution, *whether by arrest,* indictment, information, or complaint." 28 James Wm. Moore et al., *Moore's Federal Practice* § 648.03[3][a] (3d. ed.2008) (citing *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (emphasis added)). The *Marion* decision interpreted F.R.Crim.P. 48(b). *Marion,* 404 U.S. at 319, 92 S.Ct. 455 (citing F.R.Crim.P. 48(b)). The explanatory note to N.D.R.Crim.P. 48 states the Rule was adapted from the Federal Rule; therefore, when interpreting N.D.R.Crim.P. 48(b), we may look to interpretations of F.R.Crim.P. 48(b).

[¶ 23] In 1973, the Committee amended Rule 48 by replacing "prosecution" with "indictment, information or complaint." *Minutes of the Joint Procedure Comm.* 16 (Apr. 24–26, 1973). The minutes of the Committee's meeting state:

Judge Pearce referred to the language in subdivision (b) which reads "... the court may *dismiss* the prosecution." He said that a prosecution is not "dismissed"—the charging document is dismissed, the prosecution may be "terminated". Judge Pearce MOVED *to strike the word "prosecution" and insert "indictment, information or complaint".* Seconded by John Graham. Mr. Graham objected to such change and suggested instead substituting the word *"terminate"* in lieu of "dismiss". Judge Erickstad questioned the legal significance of the word "terminate". Judge Pearce said subdivision (b) is comparable with the Federal Rule.

Judge Burdick suggested striking the language "... in presenting the charge to a grand jury or". Mr. Sand MOVED *to further amend subdivision (b) by striking the language "in presenting ... jury or".* Judge Smith seconded Mr. Sand's motion to amend; the motion CARRIED unanimously.

Mr. Sand suggested changing the word "is" to *"was"* in line 4 of subdivision (b). No action.

There was discussion re Judge Pearce's motion to amend. The motion CARRIED, with two dissenting votes.

Mr. Shaft MOVED *to adopt Rule 48 as amended.* Second by Judge Pearce. Motion CARRIED unanimously.

*Id.* Thus, the plain language of Rule 48 and the Joint Procedure Committee's discussions of Rule 48, indicate Rule 48 applies post-arrest and do not require that a charging document has been previously filed.

[¶ 24] Case law indicates the application of Rule 48(b) provides protection that is at least as broad as the Sixth Amendment right to a speedy trial. *United States v. Mark II Electronics of Louisiana,* 283 F.Supp. 280, 283 (E.D.La.1968) ("Undeniably, (Rule 48(b)) implements the constitutional guarantee of a speedy trial.

But it goes further.") (citations omitted); *Mathies,* 374 F.2d at 314–15.

[¶ 25] In *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court established a balancing test for courts to utilize when analyzing whether a defendant has been deprived of the right to a speedy trial guaranteed by the Sixth Amendment. *Id.* The Court in *Barker* provided four factors should be balanced: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* The United States Supreme Court discussed the factors in *Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), where it held: "The first [factor] is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay[.]"

[¶ 26] The district court had authority to dismiss the criminal actions under Rule 48 post-arrest; however, the district court abused its discretion for three reasons. First, the district court did not provide notice to the State before dismissing the cases. This Court has held "the district court can only dismiss under Rule 48(b) with caution and after a forewarning to prosecutors of the consequence of dismissal." *City of Jamestown v. Snellman,* 1998 ND 200, ¶ 11, 586 N.W.2d 494.

[¶ 27] Second, N.D.R.Crim.P. 48(b) allows a court to dismiss an indictment, information, or complaint if "unnecessary delay" has occurred. N.D.R.Crim.P. 48(b). This parallels the first factor from the *Barker* test, which is used to determine whether a defendant's right to a speedy trial has been violated. *State v. Moran,* 2006 ND 62, ¶ 8, 711 N.W.2d 915 (citing *Barker v. Wingo,* 407 U.S. 514, 530, 92

S.Ct. 2182, 33 L.Ed.2d 101 (1972)). This Court has held "[i]f the delay is longer than the delay usually allowed for criminal prosecutions, the delay is 'presumptively prejudicial[.]' " *Id.* at ¶ 9 (citing *Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)).

[¶ 28] In the present cases, the delays were minimal. Both cases were dismissed on December 7, 2007. Williams was arrested on December 2, 2007. This delay amounted to five working days. Ferrie was taken into custody on November 24, 2007. This delay was ten working days. Neither of the delays were presumptively prejudicial, and neither appear to be unnecessary. Therefore, the district court abused its discretion by dismissing the cases, because unnecessary delay had not occurred.

[¶ 29] Third, the last factor from *Barker* is "prejudice to the defendant." *Barker,* 407 U.S. at 530, 92 S.Ct. 2182. The purpose of this factor is to protect three interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Moran,* at ¶ 17 (citing *Barker,* 407 U.S. at 532, 92 S.Ct. 2182); *see United States v. MacDonald,* 456 U.S. 1, 7–9, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). Both Williams and Ferrie posted bond and were released on the same day of their arrest. Thus, the first interest does not apply to either defendant. Additionally, the delays in both cases were quite minimal; therefore, it cannot reasonably be concluded, nor did the district court indicate in dismissing the cases, that the delays caused anxiety and concern of the accused, or impaired the defendants' defenses. The district court abused its discretion by dismissing the cases, and I concur in the result of the majority opinion.

[¶ 30] Carol Ronning Kapsner

MARING, Justice, dissenting.

[¶ 31] I respectfully dissent from the majority opinion. First, the State never argued the district court was without authority under N.D.R.Crim.P. 48, because a complaint had never been served or filed. Second, I agree with that part of Justice Kapsner's analysis of N.D.R.Crim.P. 48 in her concurrence in the result concluding that Rule 48 applies in this case. I differ, however, with Justice Kapsner's analysis of the district court's inherent power to dismiss cases for prosecutorial delay under Rule 48 and conclusion that the district court abused its discretion by dismissing the cases.

[¶ 32] In *City of Jamestown v. Snellman*, 1998 ND 200, ¶¶ 9–11, 586 N.W.2d 494, our Court held that before the district court could dismiss the cases it must give the parties notice of its intent to do so and an opportunity to respond. Here, the district court failed to give prior notice to the State and an opportunity to respond. I do note that surprisingly the record indicates that, at the time of the dismissals, the State never even objected to the action taken by the district court sua sponte. I would reverse the order of dismissal because the district court did not give notice to the State of its intent to dismiss.

[¶ 33] I would remand the case to the district court to give proper notice and to provide both parties the opportunity to respond. The State could present at that time the reasons there has not been unnecessary delay in filing an information or complaint. The defendants could present evidence of prejudice.

[¶ 34] I disagree with Justice Kapsner's analysis and application of the four factor balancing test in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) to the present case. This Court has never addressed what test should be applied to a right to a "speedy"

indictment, information or complaint post arrest. I am of the opinion that the district court should hold a hearing after notice to the parties and make its own findings. I also am of the opinion that "a court's power to dismiss under Rule 48(b) is more expansive than a defendant's Sixth Amendment right to a speedy trial. *See* 28B *Moore's Federal Practice* § 648.03[3] at 648–18 (3d ed.1997) (recognizing Rule 48(b) allows courts to dismiss cases for prosecutorial delay even though the delay does not amount to a constitutional violation)." *Snellman*, 1998 ND 200, ¶ 11, 586 N.W.2d 494; *see also* 28 James Wm. Moore et al., *Moore's Federal Practice* § 648.03[3][a] at 648–18 to 648–19 (3d ed. 2008) ("Although most dismissals for delay in prosecution are grounded on the constitutional provision, Rule 48(b) serves a somewhat broader purpose, and there are instances of dismissal involving no denial of constitutional rights. Facts that show lack of a speedy trial under the Sixth Amendment would *a fortiori* demonstrate that there was unnecessary delay under Rule 48(b), but the converse is not true; dismissal does not necessarily establish a constitutional violation.").

[¶ 35] The order of dismissal should be reversed and the cases remanded to the district court to provide notice to the parties and for further proceedings in accordance with the law.

[¶ 36] Mary Muehlen Maring, Daniel J. Crothers