2011 ND 49

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Drew Wyatt ERICKSON, Defendant and Appellee.**

**No. 20100285.**

Supreme Court of North Dakota.

March 22, 2011.

Bradford A. Peterson (argued), Assistant State's Attorney, Minot, ND, for plaintiff and appellant.

Drew Wyatt Erickson, defendant and appellee; no appearance.

VANDE WALLE, Chief Justice.

[¶ 1]  The State of North Dakota appealed the district court's order dismissing the criminal action against Drew Wyatt Erickson for unlawful consumption of alcohol by a minor.  We vacate the order of the district court and remand for sentencing.

I.

[¶ 2]  On July 30, 2010, Erickson attended a concert at the North Dakota State Fair in Minot.  A security guard observed him holding a cup of red liquid and escorted him to a sheriff's deputy.  The deputy smelled the liquid in the cup, determined it contained alcohol, and asked Erickson his age.  Erickson stated he was twenty years old.

[¶ 3]  When the deputy asked how much alcohol Erickson had consumed, Erickson responded the cup was about half full when he received it from a friend.  The deputy determined Erickson consumed a quarter of the cup because the cup was only a quarter full.  The deputy asked Erickson for identification, confirmed he was twenty years old, and arrested Erickson for unlawful consumption of alcohol by a minor.

[¶ 4]  At Erickson's initial appearance before the district court, Erickson pleaded guilty and the State presented the factual basis for the charge.  The district court accepted the plea and asked the State for a sentencing recommendation.  The State requested that Erickson's sentence not be deferred because of a prior deferred sentence for fleeing law enforcement in Fargo.  Erickson, who represented himself, stated that he had not been to Fargo for about a year.

[¶ 5]  After confirming the date of Erickson's birthday was not the same date as the individual for which the criminal histo-

ry report was run, the State and the district court realized the prosecutor obtained a criminal history report for the wrong individual. The district court, on its own motion, dismissed the action.

## II.

[¶ 6] The State argues the district court acted without authority in dismissing the criminal action. The State's right to appeal must be expressly granted by statute. *State v. Deutscher,* 2009 ND 98, ¶ 6, 766 N.W.2d 442 (citations omitted). In its notice of appeal, the State cited N.D.C.C. § 29–28–07(1) as the statutory basis for its appeal. That provision allows the State to appeal from "[a]n order quashing an information or indictment or any count thereof." *Id.*

[¶ 7] The first question before this Court is whether the district court's order dismissing the action against Erickson should be treated as an order quashing an information, which would be appealable, or a judgment of acquittal, which would not be appealable. In *Deutscher,* we explained the distinction:

> This question is not controlled by the form of the trial court's ruling. *State v. Jackson,* 2005 ND 137, ¶ 5, 701 N.W.2d 887 (citing *State v. Flohr,* 259 N.W.2d 293, 295 (N.D.1977)). "Rather, to determine what constitutes an acquittal, as distinguished from a dismissal quashing the information, we look at the substance of the judge's ruling to determine whether it actually represents a resolution of some or all of the factual elements of the offense charged." *Id.* (citing *State v. Meyer,* 494 N.W.2d 364, 366 (N.D.1992)). If the trial court's decision is based upon legal conclusions rather than a resolution of some or all of the factual elements of the events charged, the ruling amounts to a dismissal or a quashing of the information from which

the State has a right to appeal. *Id.* (citing *City of Wahpeton v. Desjarlais,* 458 N.W.2d 330, 333 (N.D.1990)).

*Id.* at ¶ 8.

[¶ 8] As in *Deutscher,* "[t]he propriety of this appeal is contingent upon whether the trial court reached only legal conclusions or resolved factual elements." *Id.* In the present case, Erickson pleaded guilty to the charge, the State provided a factual basis for the plea, and the district court found the factual basis sufficient to support the charge and the guilty plea. The district court did not give any rationale, written or oral, for dismissing the action against Erickson. The order of dismissal states: "On August 9, 2010, a hearing was held at the Ward County Courthouse, Minot, North Dakota. At the conclusion of the hearing, the Court dismissed the charge. It is ordered that the possession/consumption of alcohol by a person under 21 charge is dismissed."

[¶ 9] The district court's oral dismissal is similarly devoid of an express reason to dismiss the action. At the hearing, after the district court determined the State procured the incorrect criminal history report, the court orally dismissed the action and the State objected:

> THE COURT: Mr. Erickson, it's going to be the imposition of this Court to dismiss this matter, so it's dismissed. You're done.
>
> THE DEFENDANT: Thank you.
>
> MR. PETERSON: Over State objection, just for the record.
>
> THE COURT: I understand the State objects to my dismissing it, but he— what you need to do is go upstairs to the second floor, Mr. Erickson, to the clerk of court's office, and there will be a judgment—nothing to—we'll just mail it to him?
>
> THE CLERK: Yes.

[¶ 10] The apparent reason for dismissing the case was the State's failure to procure the correct criminal history report. The dismissal resolved no factual element of the offense charged. *Cf. State v. Flohr*, 259 N.W.2d 293, 295–96 (N.D. 1977) (concluding the judgment constituted an acquittal because it represented a resolution of some of the factual elements of the offense charged); *City of Dickinson v. Kraft*, 472 N.W.2d 441, 444 (N.D.1991). At the time of dismissal, the defendant had already pleaded guilty, and the district court had already found the factual basis sufficient to sustain the charge and guilty plea. Also, the district court did not make any reference to the sufficiency of the evidence, indicating a resolution of the factual elements of the charge. *See, e.g., Deutscher*, at ¶ 12 ("The written order of dismissal and the trial court's oral statements at sentencing, together, prove the order of dismissal resolved factual elements of the offense charged.").

[¶ 11] From the context of the district court's dismissal we conclude the district court based its dismissal upon the premise that the State's failure to procure a correct criminal history report warranted dismissal. The district court's order amounts to a dismissal or a quashing of the information from which the State has a right to appeal.

### III.

[¶ 12] We will review the district court's dismissal of Erickson's case on the court's own motion under the abuse-of-discretion standard. *See State v. Ferrie*, 2008 ND 170, ¶ 6, 755 N.W.2d 890 (applying the abuse-of-discretion standard where the district court dismissed a criminal case with prejudice); *see also* 21 Am.Jur.2d *Criminal Law* § 728 ("The trial court's decision [to dismiss a criminal complaint] is reviewed under an abuse of discretion standard."). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Ferrie*, at ¶ 6.

[¶ 13] "The district court must have a sufficient legal basis to dismiss a criminal charge." *Id.* at ¶ 7. On the face of the record, the district court provided no legal basis for dismissing the case against Erickson. Neither party made a motion for dismissal. The record does not indicate the district court based its dismissal on the legal insufficiency of the complaint. *See* N.D.R.Crim.P. 34. The district court did not have the discretion to dismiss the case under N.D.R.Crim.P. 48(b) because the rule requires unnecessary prosecutorial delay in one of four circumstances, none of which apply to the circumstances of this case. *See, e.g., City of Jamestown v. Snellman*, 1998 ND 200, ¶ 15, 586 N.W.2d 494 (reversing the district court's Rule 48(b) dismissal). Likewise, prosecutorial abuse would not have been sufficient grounds for dismissal in this case because, even if the district court thought reliance on an incorrect criminal history report during sentencing was adequate grounds for dismissal, the district court did not hold a hearing or provide any relevant findings. *See State v. Tweeten*, 2004 ND 90, ¶ 13, 679 N.W.2d 287 ("No such finding [of prosecutorial abuse] has been made in this case nor has prosecutorial abuse been demonstrated by clear and convincing evidence.")

[¶ 14] In *Snellman*, the defendants were charged with violating a city ordinance prohibiting consumption of alcohol by a minor. *Id.* at ¶ 2. The defendants moved to dismiss the charges, suppress evidence, and compel discovery. *Id.* During the pre-trial hearing, the district court sought to hear evidence regarding the motions, but the City resisted, arguing it did not have notice an evidentiary hearing would occur during the pre-trial hearing. *Id.* at ¶ 3. When the district court began asking questions related to the suppres-

sion of evidence, the City asserted it was not prepared, and the district court dismissed the criminal cases because the City was not ready to proceed. *Id.* at ¶ 4. We reversed the district court's dismissal of the case because the district court failed to consider a less drastic sanction than dismissal and because the district court failed to give either notice to the City of its intent to dismiss or an opportunity to respond before dismissing the cases. *Id.* at ¶ 14.

[¶ 15] While not completely analogous because of procedural differences and the application of N.D.R.Crim.P. 48 in that case, our opinion in *Snellman* explains the "most stringent sanction" of dismissal. *Id.* at ¶ 9. The charges in *Snellman* and in the case presently before the Court—both concern consumption of alcohol by a minor—strengthen the analogy of the cases because "dismissal should be tailored to the severity of the misconduct and used sparingly, only in extreme situations." *Id.* Further, the severe sanction of dismissal on the court's own motion occurred in both, and the public policy against sua sponte dismissals described in *Snellman* translates directly to the circumstances of this case, i.e., cases should be disposed of on their merits; the losing party should have an opportunity to respond in the adversarial system; and sua sponte dismissals create avoidable appeals that drain judicial resources. *Id.* at ¶¶ 12–13.

[¶ 16] Importantly, "when a court dismisses an action sua sponte, it is still required to give the parties notice of its intent to do so and an opportunity to respond." *Id.* at ¶ 10. In this case, upon its conclusion that the prosecutor procured the incorrect criminal history report, the district court dismissed the case with no notice to the State. The only opportunity the State had to respond was a mere oral objection to the dismissal. The district court neither gave the State notice of its intent to dismiss the case nor provided a meaningful opportunity for the State to respond.

[¶ 17] Furthermore, perhaps because there was no meaningful opportunity to respond, there is nothing in the record that indicates the district court considered "any alternative sanctions" to dismissal. *See id.* at ¶ 7. The district court was understandably frustrated by the State's error. However, as *Snellman* and *Tweeten* demonstrate, not every error of this nature justifies a dismissal to the exclusion of alternative sanctions. The State asserted at oral argument that had it had the opportunity to respond, it could have procured the correct report in approximately five minutes. Whether or not the State could have corrected the error in such a short time should have been explored by the district court. If the State could not have obtained the correct criminal history within a short time, other sanctions should have been considered before the district court dismissed the case.

[¶ 18] The district court acted unreasonably and abused its discretion by dismissing the criminal complaint against Erickson. The State's failure to procure a correct criminal history report for Erickson is an insufficient justification for dismissal.

IV.

[¶ 19] Our conclusion the district court abused its discretion implicates Erickson's rights under the Double Jeopardy Clause. In *Deutscher,* we explained the scope of protection afforded by the Double Jeopardy Clause where the district court's post-verdict order of dismissal, on its own motion, was tantamount to a judgment of acquittal because it resolved factual elements. We held the district court erred by reversing the jury's guilty verdict and dismissing the case. *Deutscher,* 2009 ND 98, at ¶ 32, 766 N.W.2d 442. We held our

reversal and remand to the district court did not violate the Double Jeopardy Clause. *Id.* at ¶ 41. We relied on the United States Supreme Court's holding in *United States v. Wilson,* 420 U.S. 332, 352–53, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975): "when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause." *Deutscher,* at ¶ 40 (quoting *Wilson* ).

[¶ 20] In this case, the district court dismissed the case after it accepted Erickson's guilty plea. The district court's action occurred after a finding of Erickson's guilt. Erickson's Double Jeopardy rights are not violated because our reversal merely reinstates Erickson's guilty plea, foregoing any "threat of either multiple punishment or successive prosecutions." *Deutscher,* at ¶ 40 (quoting *Wilson,* 420 U.S. at 344, 95 S.Ct. 1013). Further, on remand, no further fact determination will be necessary. *See id.* at ¶¶ 36–40; *see also United States v. Morrison,* 429 U.S. 1, 3–4, 97 S.Ct. 24, 50 L.Ed.2d 1 (1976) (per curiam) ("The Government is therefore entitled to appeal the order suppressing the evidence, since success on that appeal would result in the reinstatement of the general finding of guilt, rather than in further factual proceedings relating to guilt or innocence.").

## V.

[¶ 21] We vacate the order of the district court and remand for sentencing.

[¶ 22] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.